EDUARDO G. ROY (Bar No. 146316)
JOHN R. HURLEY (Bar no. 203641)
PROMETHEUS PARTNERS L.L.P.
220 Montgomery Street Suite 1094
San Francisco, CA 94104
Telephone: 415.527.0255

Attorneys for Plaintiff
TATYANA LITVINOVA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>1. **OVERTIME WAGES, 29 U.S.C. §§207 and 215;**<br><br>2. **INACCURATE WAGE STATEMENTS, California Labor Code §§226 and 1174;**<br><br>3. **UNLAWFUL AND UNFAIR BUSINESS PRACTICES, California Bus. & Prof. Code §17200, *et seq*.; and**<br><br>4. **PRIVATE ATTORNEY GENERAL ACT, California Labor Code §2698, *et seq.***<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TATYANA LITVINOVA ("Litvinova" or "Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges by and through her attorneys, upon personal knowledge and information and belief, as follows:

## JURISDICTION AND VENUE

1. This Court has personal and subject matter jurisdiction over all causes of action asserted herein.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as Plaintiff asserts causes of action arising under federal law. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367.
3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (d).

## PLAINTIFF

4. Plaintiff Tatyana Litvinova is a California resident and is currently employed by Defendant City and County of San Francisco as a Staff Nurse at working in the San Francisco jails.

## DEFENDANT

5. At all relevant times, Defendant City and County of San Francisco is and has been a municipal corporation existing under the laws of the State of California, and is both a City and a County under the Constitution of the State of California.

## GENERAL ALLEGATIONS

6. At all relevant times and to the present, Defendant City and County of San Francisco has employed hundreds of nurses at medical facilities including San Francisco General Hospital and Laguna Honda Hospital, in other facilities such as the San Francisco County jail, and in various public health programs.
7. These nurses are work in job classifications and titled including Registered Nurse, Clinical Nurse Specialist, Nurse Midwife, Anesthetist, Operating Room Nurse, Public Health Nurse, and Nurse Practitioner. These positions are collectively known as and referred to as "Staff Nurse" positions. Staff Nurses are employed on a regular basis for at least 20 hours per week.
8. In addition to Staff Nurses, Defendant also employs "Per Diem" nurses. Per Diem nurses are employed on an irregular and basis and are typically used to fill in for regular Staff Nurses as staffing needs dictate.

9. At all relevant times alleged herein, at times of staffing shortages, Defendant attempted to avoid directly ordering Plaintiff and the members of the Class alleged herein to work overtime ("mandatory overtime") by first soliciting them members to volunteer ("voluntary overtime").

10. When Plaintiff and other Class members worked voluntary overtime, Defendant classified them as Per Diem Nurses and paid them at the rate applicable to Per Diem Nurses. However, Defendant failed to pay overtime premiums for such work when the time worked exceeded the limits set by the Fair Labor Standards Act.

11. Plaintiff is informed and believes that Defendant's classification of Staff Nurses as "Per Diem Nurses" while working overtime was a sham intended to circumvent payment of overtime wages.

## COLLECTIVE AND CLASS ALLEGATIONS

12. Plaintiff alleges and asserts the claims for relief herein on her own behalf, and further seeks certification of this case as a collective action on behalf of similarly situated persons pursuant to 29 U.S.C. §216(b) for the violations of the Fair Labor Standards Act ("FLSA"), alleged herein.

13. Specifically, Plaintiff requests certification of this case as a collective action on behalf of the following persons:

> All persons:
>
> (1) who are or were employed by the City and County of San Francisco in the following job classifications:
>
> 2320 Registered Nurse
>
> 2323 Clinical Nurse Specialist
>
> 2325 Nurse Midwife
>
> 2330 Anesthetist
>
> 2340 Operating Room Nurse
>
> 2830 Public Health Nurse
>
> 2328 Nurse Practitioner
>
> P103 Per Diem Registered Nurse
>
> (2) for the period three years prior to filing this action through the date of certification as a collective action.

14. This action is properly maintained as a collective action because the persons encompassed are or

were subject to uniform policies and practices and are therefore similarly situated.

15. Plaintiff further asserts pendent state-law claims, and requests certification of the following Class pursuant to Rule 23(b):

> All persons:
>
> All persons:
>
> (1) who are or were employed by the City and County of San Francisco in the following job classifications:
>
> 2320 Registered Nurse
>
> 2323 Clinical Nurse Specialist
>
> 2325 Nurse Midwife
>
> 2330 Anesthetist
>
> 2340 Operating Room Nurse
>
> 2830 Public Health Nurse
>
> 2328 Nurse Practitioner
>
> P103 Per Diem Registered Nurse
>
> (2) for the period four years prior to filing this action through the date of certification as a class action.

16. Specifically excluded from both the collective and Class are counsel for Defendant, any Judge to whom this case is assigned, as well as their respective staffs and immediate families.

17. The claims for relief asserted herein satisfy the prerequisites for certification as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3):

   a. There are questions of law or fact common to the class;
   b. The claims or defenses of the representative parties are typical of the claims or defenses of the class;
   c. The representative parties will fairly and adequately protect the interests of the class;
   d. The questions of law or fact common to class members predominate over any questions affecting only individual members; and
   e. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

18. Numerosity. The proposed class consists an unknown number of individuals likely numbering in the hundreds or more such that joinder of individual claims in a single action would be impracticable.

19. Commonality. Plaintiff's and Class members' claims raise predominantly common factual and legal questions that can be answered for all Class patients through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following factual and legal questions:

    a. Whether Defendant had a policy of failing to pay overtime premiums to Plaintiff and the Class at the periods in which they worked overtime;
    b. Whether Defendant acted willfully in connection with such policy;
    c. Whether Defendant is liable for unpaid wages to Plaintiff and the Class;
    d. Whether Defendant is liable for liquidated damages to Plaintiff and the Class;
    e. Whether the wage statements Defendant provided to Plaintiff and the Class failed to accurately reflect the employees' gross wages, net wages, hourly rates and corresponding hours worked at each rate because they failed to reflect the proper rate of overtime compensation owing;
    f. Whether Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff and the Class;
    g. Whether Defendant is liable for statutory penalties for failure to provide timely, accurate, itemized wage statements to Plaintiff and the Class;
    h. Whether Defendant violated California's Unfair Competition Law;
    i. Whether Defendant is liable for restitution payable to Plaintiff and the Class pursuant to Bus. & Prof. Code §17203; and
    j. Whether Defendant should be enjoined from further unlawful and unfair conduct.

20. Typicality. Plaintiff's claims are typical of Class claims because each arises from a common course of conduct by Defendant.

21. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with Class interests, and Plaintiff has retained counsel experienced in

1 | complex Class action litigation to vigorously prosecute this action on behalf of the Class.

22. <u>Predominance</u>. Common questions of law and fact predominate over any questions affecting only individual Class members and a class action is superior to individual litigation.

23. <u>Superiority</u>. Under the facts and circumstances set forth above, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each member of the class, because joinder of individual members of the Class is not practical and, if the same were practical, said Class members could not individually afford the litigation, such that an individual litigation would be inappropriately burdensome, not only to said citizens, but also the courts.

24. To process individual cases would both increase the expenses and cause delay not only to Class, but also to Defendants and the Court.

25. In contrast, a class action of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

26. Notice of the pendency of the action and of any result or resolution of the litigation can be provided to the Class by direct mail, the usual forms of publication, and/or such other methods of notice as deemed appropriate by the Court.

27. Without class certification, the prosecution of separate actions by individual members of the Class described above would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for defendants, and/or adjudications with respect to the individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

## FIRST CLAIM FOR RELIEF

### Violation of Fair Labor Standards Act – Overtime Pay

28. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

29. At all relevant times, Defendant has been and continues to be an "employer" as defined by the

FLSA, 29 U.S.C. §203(d).

30. Defendant is a covered employer under to the FLSA, 29 U.S.C. §203(s)(1), because it engages in an enterprise subject to the FLSA because it "is engaged in the operation of a hospital, [or] an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution" and because it operates as a public agency.

31. At all relevant times, Plaintiff and the Class have been and continue to be "employee[s]" covered by the FLSA and as defined by 29 U.S.C. §203(e)(2)C) because they are employed by Defendant which is a political subdivision of a State.

32. The named Plaintiff consents to a collective action pursuant to Fair Labor Standards Act ("FLSA").

33. Plaintiff and the Class she seeks to represent were and are paid hourly and are not exempt from the right to receive overtime pay under the FLSA.

34. Under section 7(a) of the FLSA, 29 U.S.C. §207(a), each covered employer is required to compensate all non-exempt employees at a rate of not less than 1½ times the "regular rate" of pay for work performed in excess of forty hours in a workweek.

35. Under section 7(j) of the FLSA, 29 U.S.C. §207(j), hospitals and residential care establishments may utilize a fixed work period of fourteen consecutive days in lieu of the 40 hour workweek for the purpose of computing overtime. To use this exception, an employer must have a prior agreement or understanding with affected employees before the work is performed. This eight and eighty (8 and 80) exception allows employers to compensate all non-exempt employees at a rate of not less than 1½ times the "regular rate" for all hours worked over eight in any workday and eighty hours in the fourteen-day period.

36. At all relevant times alleged herein, Defendant scheduled Class members to work either regular, eight-hour shifts, or to work in a "flex time" program that allowed Class members to work shifts greater or less than eight hours. Those employees participating in the flex time program did so subject to an agreement or understanding that they were subject to the 8 and 80 exception to the normal FLSA overtime rules.

37. At all relevant times alleged herein, Defendant failed to pay the overtime premiums required by

sections 7(a) and/or 7(j).

38. At all relevant times alleged herein, at times of staffing shortages, Defendant attempted to avoid directly ordering Plaintiff and the members of the Class alleged herein to work overtime ("mandatory overtime") by first soliciting them members to volunteer ("voluntary overtime").

39. When Plaintiff and other Class members worked voluntary overtime, Defendant classified them as Per Diem Nurses and paid them at the rate applicable to Per Diem Nurses. However, Defendant failed to pay overtime premiums for such work when the time worked exceeded the limits set by the Fair Labor Standards Act.

40. Plaintiff is informed and believes that Defendant's classification of Staff Nurses as "Per Diem Nurses" while working overtime was a sham intended to circumvent payment of overtime wages.

41. As a result of this policy and practice, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207(a), (e) and (j).

42. As a result of this policy and practice, Plaintiff and the Class have been damaged in that they have not received all wages due and owing.

43. Plaintiff in informed and believes that the conduct of Defendant as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

44. Plaintiff on behalf of herself and the Class that she seeks to represent is entitled to damages in the amount of the unpaid overtime premiums plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), and other such legal and equitable relief as the Court deems just and proper.

45. Plaintiff on behalf of herself and the Class that she seeks to represent requests recovery of attorney's fees and costs associated with this cause as provided by 29 U.S.C. §216(b).

46. Wherefore Plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF

### Violation of California Labor Code §§226 and 1174

47. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

48. California Labor Code § 226(a) provides as follows:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, . . .. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

49. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period which a violation occurs and $100 per employee for each violation in subsequent pay periods (up to a maximum of $4,000), in addition to attorneys' fees and costs.

50. The wage statements Defendant provided to Plaintiff and the Class did not accurately reflect the employees' gross wages, net wages, hourly rates and corresponding hours worked at each rate because they failed to reflect the proper rate of overtime compensation owing.

51. As a result, Plaintiff and the Class were damaged in that they could not determine whether or not they had been accurately paid.

52. The conduct alleged herein constitutes violations of California Labor Code §§ 226 as Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff and the proposed California Subclasses.

53. Wherefore Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### Unfair Competition Law

### (Bus. & Prof. Code §17200, *et seq*.)

54. Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

55. The conduct of Defendant alleged herein constitutes unlawful and unfair business practices in violation of the California Unfair Competition Law, Bus. & Prof. Code §17200, *et seq*., in that the violations of law and causes of action alleged herein also constitute unlawful and unfair business practices under the UCL.

56. Bus. & Prof. Code §17203 provides that the Court may restore to any person in interest any

money or property which may have been acquired by means of such violative conduct. As a direct and proximate result of the conduct alleged herein acts, Plaintiff and the Class were injured and suffered the loss of money in the amount of wages that they were otherwise entitled to receive. Plaintiff and the Class are therefore entitled to restitution for all wages unlawfully withheld from them as a result of the unlawful and unfair conduct of Defendant.

57. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiffs and the Class seek, and are entitled to, injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is necessary and appropriate to prevent Defendant from continuing and repeating its unlawful and unfair practices.

58. Wherefore Plaintiff prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### California Private Attorneys General Act

**(Labor Code §2698, *et seq*.)**

59. Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

60. As a result of Plaintiff's employment and the actions of Defendant as alleged herein, Plaintiff is an aggrieved employee with standing to bring an action under the Private Attorneys General Act of 2004, Labor Code §2698, *et seq*. ("PAGA").

61. On or about the date of filing this action, Plaintiff gave notice pursuant to Labor Code §2699.3(a)(1) to the California Labor and Workforce Development Agency ("LWDA") and Defendant of the violations alleged in this action as well as the facts and theories to support those violations.

62. If LWDA takes no steps to intervene during the time period specified by Labor Code §2699.3(a)(2)(A), Plaintiff intends to amend her complaint pursuant to Labor Code § 2699.3(a)(2)(B) to assert claims for relief under PAGA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of himself and the proposed Classes:

    a. Designation of this action as a collective action on behalf of Plaintiff and the Class she

seeks to represent pursuant to the FLSA claims and a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

b. An order certifying the proposed Class under Rule 23 and appointing Plaintiff and her counsel to represent the Class;

c. Back wages and liquidated damages pursuant to 29 U.S.C. §216(b);

d. Reasonable attorney's fees pursuant to 29 U.S.C. §216(b);

e. Statutory damages pursuant to California Labor Code §226;

f. Appropriate injunctive relief and/or declaratory relief, including an order requiring Defendant to cease the conduct alleged herein;

g. Recovery of damages in an amount to be proven at trial;

h. Restitution in an amount to be proven at trial;

i. Establishment of a fluid recovery fund for payment of damages, penalties and/or restitution to Plaintiffs and the proposed Class and for *cy pres* payment of unclaimed funds.

j. An award of statutory costs and interest, including prejudgment interest at the legal rate; and,

k. Such other and further relief as the Court may deem appropriate.

Neither this Prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would constitute a request for attorneys' fees under California Labor Code §218.5.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

| | |
|---|---|
| DATED: March 8, 2018 | Respectfully submitted,<br><br>PROMETHEUS PARTNERS L.L.P.<br><br>By: /s/ Eduardo G. Roy<br>Eduardo G. Roy<br>Attorneys for Plaintiff<br>TATYANA LITVINOVA |