UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 18-cv-01494-RS |
| KRISTEN SILLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 20-cv-7400-RS<br><br>**ORDER GRANTING CONTINUANCES** |

Pursuant to Civil Local Rules 6-3, 7-1, and 40-1, Defendant moved for a trial continuance in both of these related cases, explaining that its lead trial counsel was unavailable for the scheduled dates. *See Silloway et al. v. City and County of San Francisco*, No. 20-cv-7400 ("*Silloway*"), Dkt. No. 98; *Litvinova v. The City and County of San Francisco*, No. 18-cv-1494 ("*Litvinova*"), Dkt. No. 136. The *Silloway* Plaintiffs opposed the motion and countered with their own, explaining, *inter alia*, that some of the dates proposed by Defendant failed to allow enough

time to accommodate what they characterize as "significant delays in fact and expert discovery caused by the City." *Silloway*, Dkt. No. 99 at 1.  In their view, not only should trial be continued but also all other deadlines in the case for at least 60 days.  *Id.*  The *Litvinova* plaintiffs joined in that motion, *see Litvinova*, Dkt. No. 137.  In response, Defendant stated that it did not oppose continuing the trial date and deadlines to complete noticed discovery.  *Silloway*, Dkt. No. 102.

A court may modify a case's scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Good cause for such a modification exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence)). The good cause test "turns largely upon the circumstances of the individual case." *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

Conflicts with a scheduled trial can amount to good cause, as can the demands of the discovery process.  Good cause therefore appearing, Defendant's motion to continue trial and *Silloway* Plaintiffs' motion to continue discovery deadlines—which *Litvinova* Plaintiffs joined— are granted.

1. DISCOVERY: The deadline to complete non-expert discovery that has already been noticed shall be continued from February 14, 2025 to April 15, 2025.  The limits placed on this discovery in the Court's November 15, 2024 Case Management Scheduling Order remain in place.

2. EXPERT WITNESSES: The deadline to designate experts in accordance with Federal Rule of Civil Procedure 26(a)(2) shall be continued from March 15, 2025 to May 14, 2025. The deadline to designate supplemental and rebuttal experts in accordance with Federal Rule of Civil Procedure 26(a)(2) shall be continued from April 12, 2025 to June 11, 2025.  The deadline to complete all discovery of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4) shall be continued

from May 3, 2025 to July 2, 2025.

3. PRETRIAL MOTIONS: The deadline to hear pretrial motions, including dispositive pretrial motions filed and served pursuant to Civil Local Rule 7, shall be continued from May 29, 2025 to July 28, 2025.  The limits placed on pretrial motions in the Court's November 15, 2024 Case Management Scheduling Order remain in place.

4. PRETRIAL CONFERENCE: The final pretrial conference, originally scheduled for July 23, 2025, will be continued to **February 9, 2026 at 10:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  Each party or lead counsel who will try the case shall attend personally.

5. TRIAL: The current trial date of August 4, 2025 shall be continued.  A jury trial shall commence on **February 17, 2026 at 9:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED**.

Dated: March 4, 2025

_____
RICHARD SEEBORG
Chief United States District Judge