ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
LINDA M. ROSS (SBN 133874)
lross@publiclawgroup.com
GEOFFREY SPELLBERG (SBN 121079)
gspellberg@publiclawgroup.com
SPENCER J. WILSON (SBN 266938)
swilson@publiclawgroup.com
IMRAN DAR (SBN 326502)
idar@publiclawgroup.com
RENNE PUBLIC LAW GROUP®
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 3:18-CV-01494-RS<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S CASE MANAGEMENT STATEMENT**<br><br>Dept:      3, 17th Floor<br><br>Complaint Filed:   March 8, 2018<br>Trial Date:             March 30, 2026<br><br>Case Management Conference: June 5, 2025 |

Defendant City and County of San Francisco ("Defendant" or "City") submits this CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. As of the date and time of filing, the Litvinova Plaintiffs had not provided their portion of the Case Management Statement and had not responded to Defendant's e-mail requesting same. Accordingly, this statement was drafted solely by Defense counsel.

I.  JURISDICTION & SERVICE

A.  PLAINTIFFS' POSITION

B.  DEFENDANT'S POSITION

The Complaint was filed October 23, 2020. (Dkt. 1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 216(b). The Complaint was served on the City on October 26, 2020. Defendant timely filed an answer to the Complaint on November 30, 2020. (Dkt. 14.) On July 21, 2022, the Silloway Plaintiffs timely appealed this Court's July 15, 2022 order granting the City's and denying Plaintiffs' motion for summary judgment and dismissing the case. On September 11, 2024, the Ninth Circuit Court of Appeals reversed the judgment of the district court and remanded for those factual issues to be resolved consistent with that opinion. On October 31, 2024, the Ninth Circuit Court of Appeals issued its mandate.

II.  FACTS

A.  PLAINTIFFS' POSITION

B.  DEFENDANT'S POSITION

The facts are summarized in the Court of Appeal decision at pp. 1072 – 1075. *Silloway v. City and County of San Francisco*, 117 F.4th 1070, 1072-1075 (9th Cir. 2024). Because the case came to the Court of Appeal after a grant of summary judgment, the Court said that it was stating the facts in the light most favorable to plaintiffs as the nonmoving parties. *Id*. at p. 1072.

III.  LEGAL ISSUES

The Parties reserve the right to modify the list or description of legal issues, but legal issues identified by the Parties to date include:

A.  **Plaintiffs' Issues**

B.  **Defendant's Issues**

1. Whether staff nurses are paid on a salary basis, in light of the narrow remaining disputed factual issues identified in the Ninth Circuit's holding. *See infra* discussion of "Motions" and "Narrowing of Issues."

DEFENDANT'S CASE MANAGEMENT STATEMENT        CASE NO. 3:20-CV-07400-RS

2. Whether Plaintiffs and all putative collective action members are similarly situated. *See* 29 U.S.C. 216(b).

3. If Defendant is found liable, whether Defendant's conduct was in good faith. *See* 29 U.S.C. § 216(b).

4. If Defendant is found liable, whether any alleged violation of the FLSA was willful. *See* 29 U.S.C. § 255(a).

5. If Defendant is found liable, the amount of damages, including offsets. *See*, *e.g.*, 29 U.S.C. §§ 207(e)(5)-(7), 207(h).

### IV.  MOTIONS

The Court did not grant Defendant's Motion to Consolidate *Silloway* with *Tatyana Litvinova v. City and County of San Francisco*, N.D. Cal. Case No. 3:18-cv-1494-RS (*Litvinova*) on March 25, 2021. The Court previously determined that *Silloway and Litvinova* are related cases. The Court directed that coordinating the cases will be handled through scheduling at the Case Management Conference.

**A.  Plaintiffs.**

**B.  Defendant.**

Defendant intends to file another motion for summary judgment and a motion for collective action decertification.

Additionally, multiple discovery-related orders were recently issued by Magistrate Judge Tse. (See ECF No. 121, 122.). If Plaintiffs do not comply with these orders, the City may bring additional motions seeking appropriate relief.

Defendant filed a motion for relief from paragraph 3 of Judge Tse's May 15, 2025 Order, Doc. 124. If this Court does not grant that Motion, Defendant may need to file additional motions seeking relief.

If this case proceeds toward trial, Defendant anticipates filing motions in limine.

### V.  AMENDMENT OF PLEADINGS

Defendant has no intention of amending its pleadings at this time.

**VI.   EVIDENCE PRESERVATION**

Defendant has reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI"), which were revised on December 1, 2015. Defendant is aware of its obligations to cooperate on issues relating to the preservation, collection, search, review, and production of ESI and that the proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1) applies to discovery in this case. Defendant agrees to meet and confer as necessary to address any issues regarding ESI.

**VII.   DISCLOSURES**

Plaintiffs served initial disclosures on January 21, 2021.

Defendant's Fourth Amended Disclosures were served on April 15, 2025.

**VIII.   DISCOVERY**

**A.   Plaintiff's Position**

**B.   Defendant's Position**

On May 13, 2025, this Court issued a scheduling order directing Litvinova counsel to produce the four properly noticed plaintiffs for deposition and to comply with the outstanding interrogatories and requests for production of documents propounded by Defendant.  Doc. 150. To date, Plaintiff's counsel has not communicated with Defendant at all about this order.

**IX.   CLASS ACTIONS**

**A.   Plaintiffs' Position**

**B.   Defendant's Position**

It is the City's position that this case may be subject to decertification given the varying factual circumstances of the individual Plaintiffs.

**X.   RELIEF**

In the event Defendant prevails, it seeks all fees and costs to which it may be entitled by law.

**XI.   SETTLEMENT AND ADR**

The Parties have a mediation date set for July 30, 2025 with Magistrate Judge Lisa J. Cisneros.

XII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Both this case and the related matter, *Silloway*, are already pending before this Court. Defendant did not consent to proceed before a magistrate judge for all purposes.

XIII. **OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XIV. **NARROWING OF ISSUES**

A. **Plaintiffs' Position**

.

B. **Defendant's Position**

It is the City's position that the Court of Appeal decision resolved the legal issues relevant to the case and most of the key factual issues. These findings are now the law of the case. The remaining factual issues are extremely narrow, involving only the resolution of certain instances of missing payroll information, which the City contends can be done efficiently by motion.

**Legal Issues Resolved by the Ninth Circuit Panel**

The Court of Appeal resolved the legal issues relevant to the case including:

1. "The relevant DOL regulations establish two paths for satisfying the salary basis test. Helix, 598 U.S. at 55, 143 S.Ct. 677. Employees who are compensated on a 'weekly[ ] or less frequent basis' are governed by the test in 29 C.F.R. § 541.602(a), while employees compensated 'on an hourly, a daily or a shift basis' are subject to the test in 29 C.F.R. § 541.604(b)." *Silloway*, 117 F.4th 1070 at 1074. The Court of Appeal found that § 602(a) applied in this case.

2. "Only in the limited circumstances spelled out in § 602(b) may a private employer deduct money from a bona fide professional employee's compensation. But the FLSA gives public employers much more leeway. Most significantly, public employers like the City of San Francisco can deduct pay for partial-day absences without losing the benefit of the exemption. § 710." *Silloway*, 117 F.4th 1070 at 1075-1076.

3. "Whereas a private employer must pay its employees predetermined amounts on a weekly or less frequent basis, a public employer must give its employees the opportunity to earn predetermined

1  amounts on a weekly or less frequent basis, a prospect that will be fulfilled so long as employees to not miss work for unexcused reasons." *Silloway*, 117 F.4th 1070 at 1079.

4. "This latitude is based on the 'public accountability principle,' the idea that taxpayers' money should not be spent on public employees for time they are not working. See Exemptions from Minimum Wage and Overtime Compensation Requirements of the Fair Labor Standards Act, 57 Fed. Reg. 37666, 37667 (Aug. 19, 1992). For public employers to make deductions under § 710, the deductions must be made 'according to a pay system established by statute, ordinance or regulation.' § 710(a)." *Silloway*, 117 F.4th 1070 at 1076.

5. "If facts reveal that an employer maintains an 'actual practice of making improper deductions,' the employer will lose the benefit of the professional-employee exemption for the period in which the improper deductions were made. § 603(a), (b). Whether an employer maintained an 'actual practice' of improperly deducting pay is a case-specific question of fact that asks whether the employer intended to pay its employees on a salary basis. § 603(a)." *Silloway*, 117 F.4th 1070 at 1076.

6. "All that said, the FLSA's regulations also offer an escape hatch to employers who make only "isolated or inadvertent" improper deductions. Under what is sometimes referred to as the "window of correction," employers can retain the professional-capacity exemption if they reimburse employees for any improper deductions. See § 603(c)." *Silloway*, 117 F.4th 1070 at 1076.

**Mixed Legal and Factual Issues Decided by the Ninth Circuit Panel**

The Ninth Circuit resolved the following mixed legal and factual questions:

1. "The question of law at the heart of this case is whether the City's compensation scheme, which assigns each staff nurse an hourly rate and computes paychecks based on the number of hours worked, satisfies the salary basis test. More than twenty years ago, we held that municipalities could use an hourly accounting system without offending the salary basis test. *McGuire v. City of Portland*, 159 F.3d 460, 464 (9th Cir. 1998). In light of revisions to the regulations governing the salary basis test, as well as the Supreme Court's recent decision in *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39, 143 S.Ct. 677, 214 L.Ed.2d 409 (2023), we take a fresh look but reach the same conclusion that we did in *McGuire*." *Silloway*, 117 F.4th 1070 at 1078-1079.

2 "Though the City did not carry its burden on summary judgment in satisfying the salary

basis test, the City's Charter has an ordinance that prohibits paying public employees for nonchargeable time. See San Francisco Charter § A8.400(g) ('No officer or employee shall be paid for a greater time than that covered by his actual service ....'). This ordinance satisfies the requirement in § 710 that the City pay its employees "according to a pay system established by statute, ordinance or regulation." *Silloway*, 117 F.4th 1070 at 1081 n. 6.

**Factual Issues Remaining.**

As explained by the Ninth Circuit, the following factual issues remain:

1. "The City's compensation system does not necessarily flunk the salary basis test, but material factual questions remain in dispute regarding whether the City satisfied the test as a matter of practice. As we explain, plaintiffs offered evidence showing that the City did not record them as working hours consistent with their full-time equivalencies in a significant number of pay periods. Those discrepancies raise material factual questions as to whether the staff nurses received their predetermined amounts of compensation in those pay periods. We reverse and remand this case for those factual issues to be resolved." *Silloway*, 117 F.4th 1070 at 1072.

2. "We offer no definitive answer as to whether the 72 discrepancies showed actual improper deductions from staff nurses' predetermined amounts of compensation. All we decide is that the answer depends on disputed factual questions." *Silloway*, 117 F.4th 1070 at 1087.

## XV. EXPEDITED TRIAL PROCEDURE

This case is not suitable for the Expedited Trial Procedure of General Order 64.

## XVI. SCHEDULING

**A.   Plaintiffs' Position**

**B.   Defendant's Position**

All future dates and deadlines should be the same in each of the two actions.

## XVII. TRIAL

Plaintiffs and Defendant have demanded a trial by jury. Defendant's trial estimate depends on whether discovery is reopened, collective action treatment, and summary judgment.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant is not required to file a disclosure of non-party interested entities or persons.

**XIX. PROFESSIONAL CONDUCT**

Defense counsel reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XX. OTHER**

None at this time.

DATED: June 2, 2025                                   RENNE PUBLIC LAW GROUP

By: ___/s/ *Spencer J. Wilson*_____
       SPENCER J. WILSON

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO