1  ARTHUR A. HARTINGER (SBN 121521)
   ahartinger@publiclawgroup.com
2  LINDA M. ROSS (SBN 133874)
   lross@publiclawgroup.com
3  GEOFFREY SPELLBERG (SBN 121079)
   gspellberg@publiclawgroup.com
4  SPENCER J. WILSON (SBN 266938)
   swilson@publiclawgroup.com
5  IMRAN M. DAR (SBN 326502)
   idar@publiclawgroup.com
6  RENNE PUBLIC LAW GROUP®
   350 Sansome Street, Suite 300
7  San Francisco, CA  94104
   Telephone: (415) 848-7200
8  Facsimile: (415) 848-7230

9  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
10

11                 IN THE UNITED STATES DISTRICT COURT

12                FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| TATYANA LITVINOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 3:18-CV-01494-RS<br><br>**CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO SILLOWAY PLAINTIFFS MOTION TO INTERVENE FOR LIMITED PURPOSE TO OPPOSE CITY'S MOTION FOR SANCTIONS IN LITVINOVA CASE; PROPOSED RESOLUTION**<br><br>Date:     August 28, 2025<br>Time:    2:30 pm.<br>Ctrm:    3, 17th Floor<br>Judge:   Hon. Richard Seeborg<br><br><br>Complaint Filed:   March 8, 2018<br>Trial Date:              March 30, 2026to |
|---|---|

## I. INTRODUCTION

The *Silloway* Plaintiffs have filed a Motion To Intervene for the limited purpose of opposing the City and County of San Francisco's Motion For Sanctions under Rule 37 in the case of *Litvinova v. City and County of San Francisco*, No. 3:18-CV-01494-RS. The City's motion for sanctions relates only to the *Litvinova* case and not to the *Silloway* case and the City seeks no relief in *Silloway*. And *Silloway* has not articulated any actual prejudice in the *Silloway* case. Until then, the *Silloway* arguments are hypothetical and not subject to any definitive ruling by this Court. However, to resolve any potential issues, and avoid further litigation, the City proposes the following as a proper outcome:

1. The City's Motion for Sanctions pertains to the *Litvinova* case and not to the *Silloway* case. The two cases are related but not consolidated.

2. Any sanctions ordered by the Court pursuant to Defendant's Motion for Sanctions in *Litvinova* shall not apply in *Silloway* and shall have no evidentiary bearing or preclusive effect on evidence or contentions that pertain to the *Silloway* Plaintiffs.

3. Any evidence that relates specifically to the *Litvinova* Plaintiffs that the Court precludes from being offered in *Litvinova* as a sanction in *Litvinova* shall not be offered by the *Silloway* Plaintiffs in the *Silloway* case.

4. The parties acknowledge that the Court has yet to rule on the City's Motion for Sanctions in the *Litvinova* case and therefore issues may arise from the particulars of any court order. Therefore, if any issue arises in the future, the parties will meet and confer over the issue.

## II. ARGUMENT

The *Silloway* Plaintiffs move for mandatory and permissive intervention for the "limited purpose of opposing" the City's motion for sanctions in *Litvinova*. But in fact, the *Silloway* Plaintiffs' motion is more narrow. The *Silloway* Plaintiffs do not oppose the City's motion for sanctions in general. They do not attempt to excuse or justify Litvinova's violation of this Court's order or of Litvinova's discovery obligations. They seek to intervene only to ensure that "evidentiary sanctions in *Litvinova*, *if* ordered by the Court, do not prejudice" the *Silloway* case. They argue that sanctions against Litvinova "*could* impede Silloway Plaintiffs' ability to prove their own case as a practical matter." And that the City

"*might* attempt to draw inferences from any *Litvinova* sanctions into *Silloway*." (*Silloway* Memorandum in Support of Motion To Intervene at pp, 3,4, emphasis added.) These speculative arguments are not a basis for intervention.

The City's motion for sanctions relates only to the evidence and parties in the *Litvinova* case – the evidence and parties that *Litvinova* has refused to produce in discovery. The *Silloway* Plaintiffs do not point to any potential effect on or prejudice to them. Accordingly, the *Silloway* Plaintiffs' arguments are vague and completely hypothetical. Unless and until there is a concrete instance in which the *Silloway* Plaintiffs can demonstrate potential prejudice, this Court cannot and should not entertain the *Silloway* motion to intervene.

The case law cited by *Silloway* does not apply. *In RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 490 (C.D. Cal. 2022), the plaintiff sought sanctions "against *all* Defendants: Abrams Defendants, Rinelli, Mills, Wooten, Armstrong, and Rinelli Law." The City has not sought sanctions against the *Silloway* Plaintiffs in this current Rule 37 motion against *Litvinova*. Similarly, the decision in *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985), was based on an attempt to sanction parties "because of the failure of another to comply with discovery . . . ." Again, the City's sanctions motion is brought only in the *Litvinova* case.

The principles that do apply here prohibit the Court from entertaining cases in which no potential injury can be articulated. For this reason, the *Silloway* Plaintiffs cannot satisfy the requirements of intervention by right or permissive intervention.

For intervention as of right, a prospective intervenor bears the burden of establishing, among other things, that "it has a significantly protectable interest relating to the subject of the action," and "the disposition of the action may as a practical matter impair or impede its ability to protect that interest." Fed.R.Civ.P. 24(a)(2); *see Sweet v. Cardona*, 121 F.4th 32, 48-49 (9th Cir. 2024) (denying intervention based on no "significantly protectable interest"); *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) ("To trigger a right to intervene, however, an economic interest must be concrete and related to the underlying subject matter of the action."). *Silloway*'s hypothetical arguments do not satisfy the requirement of a "significantly protectable interest" because they do not articulate any specific potential prejudice, or how the "disposition" in *Litvinova* may "impair or impede its ability to

protect that interest."

For permissive intervention, a prospective intervenor bears the burden of establishing they have "a conditional right to intervene by a federal statute" or "a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)1(B).  Here, there is no applicable federal statute, nor any common question of law or fact involved in the City's motion for sanctions in the *Litvinova* case.  Again, the City seeks no relief against *Silloway* and unless *Silloway* can articulate how the relief sought by the City contains "a common question or law or fact" that negatively affects *Silloway*, there is no basis for intervention.

Moreover, without more, the *Silloway* Plaintiffs simply have no standing to interfere in the City's motion because their motion is completely speculative; they have not articulated any particular injury or interest to them based on the City's motion.  See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016) (the "irreducible constitutional minimum" of standing consists of "an injury-in-fact . . . fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision"); *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021)  (explaining that "a plaintiff must show (i) that he suffered an injury-in-fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief").  The *Silloway* Plaintiffs have not shown any potential injury in fact and therefore the motion to intervene must be denied.

### III.    CONCLUSION

The City's Rule 37 motion is brought in the *Litvinova* case and does not seek any relief regarding the *Silloway* case.  Until *Silloway* can articulate any potential prejudice, there is no basis for *Silloway* intervening regarding this motion.   For these reasons, the City requests that this Court deny the *Silloway* Plaintiffs' Motion To Intervene for the purpose of opposing the City's motion for sanctions in the *Litvinova* case.   However, in order to avoid any further dispute, the City is making the proposal outlined in the Introduction to this brief.

1  Dated: August 18, 2025

RENNE PUBLIC LAW GROUP®

By: */s/ Linda M. Ross*
    Linda M. Ross

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO