IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 3:18-CV-01494-RS<br><br>**ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 37**<br><br>Date:        August 28, 2025<br>Time:       2:30 p.m.<br>Courtroom: 3 – 17th Floor<br>Judge:      Hon. Richard Seeborg<br><br>Complaint Filed:   March 8, 2018<br>Trial Date:            March 30, 2026 |

This order has been made necessary by a regrettable record of repeated failure on behalf of counsel for collective action Plaintiffs. While counsel has faced real challenges of both a personal and medical nature, those issues do not begin to justify the abject, complete abandonment of proper representation.

### A.    Nature of the Case

The *Litvinova* case is a collective action brought on behalf of "dual status" nurses who work for the City as 2320 staff nurses and also volunteer for per diem shifts as P-103 nurses. The lawsuit claims that the City is in violation of the FLSA because the nurses are hourly employees and the City fails to pay the nurses overtime when their P-103 hours cause their total work hours to exceed 40 in a week. The City claims that the nurses are salaried professionals who are exempt from the FLSA overtime requirements.

In *Silloway v. City and County of San Francisco*, 117 F.4th 1070 (9th Cir. 2024), the Court of Appeals determined that the use of an hourly rate does not deprive the nurses of salaried status but remanded for a determination whether the City complies with the FLSA regulations that govern public entities, 29 CRF 541.710 (Section 710). The key issue is whether the City has deprived nurses of the opportunity to work their regular shifts or whether any unpaid leave fits within Section 710's parameters.

### B.    Litvinova Is In Violation Of Discovery Obligations and This Court's Scheduling Order

The relevant facts are undisputed. After the remand by the Ninth Circuit Court of Appeals, a new round of discovery began. The City served discovery in this action in December 2024 and January 2025, including interrogatories, document requests and deposition notices for four plaintiffs. *See* Dkt. No. 160, Dar Decl., ¶¶ 4–6. Litvinova's counsel made meritless objections to some of the City's interrogatories, did not respond at all to other requests, and violated the April 15, 2025 discovery deadline. *See id.* ¶¶ 7–8. Plaintiffs' complete failure to provide discovery responses by the April 15, 2025 discovery cutoff required the City to move to compel, and the assigned magistrate judge ordered Litvinova to seek an extension of the discovery deadlines from this Court. On May 13, 2025, in response to Litvinova's motion for an extension of the discovery deadlines, this Court ordered Litvinova to serve responses to the City's outstanding written discovery and to produce plaintiffs noticed for deposition. Dkt. No. 147. The

Court initially set the deadline for June 30, 2025 and, at Litvinova counsel's request, revised the deadline to July 14, 2025. In its May 13 Order, the Court warned: "Further delays and requests for continuances are unlikely to be entertained and may result in sanctions." Dkt. No. 150.

Litvinova has violated this Court's order. Litvinova has not served any responses to the written discovery issued by the City and produced only one of the four plaintiffs noticed for deposition.[1] Dkt. No. 169-1, Supp. Dar Decl. ¶ 7. Moreover, since the City filed its motion, Litvinova has further violated this Court's order by failing to serve its expert report on July 31, 2025, as ordered by the Court in its May 13 Order. *Id.* ¶¶ 4–5.

On Friday, August 22, 2025, the day after the City filed its reply brief, counsel for Litvinova filed a Notice of Unavailability, claiming that a foot injury made it impossible for him to appear in court or respond to any "demands or motions that may require a response or attendance at any hearing from August 22, 2025 through October 6, 2025." Dkt. No. 171. Despite this claim of unavailability, on Monday, August 25, counsel for Litvinova served a Motion For New Trial in a separate case against the City and County of San Francisco, *Georgopolous v. City and County of San Francisco*, No. CGC-22-597804. Dkt. No. 173.

### C. Counsel Has Acted Willfully, In Bad Faith, And In Flagrant Disregard of Court Orders

#### 1. Applicable Legal Standards

The imposition of Rule 37 sanctions is committed to the discretion of the Court. Fed. R. Civ. Pro. 37(b)(2)(A). The Ninth Circuit "encourage[s]" courts to exercise discretion to impose sanctions where "it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) (district court acted properly when it dismissed case with prejudice). Although the City does not seek complete dismissal of the Litvinova action, its counsel's conduct arguably meets the standard to do so—

---

[1] As explained, Litvinova only provided non-meritorious objections to the City's third set of interrogatories and RFPs. It is important to note that Litvinova's counsel conceded that such objections were waived given that they were untimely. He did not provide responses or objections to the second set of interrogatories.

"willfulness, fault or bad faith." *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985); *see Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985) ("even a negligent failure to allow reasonable discovery may be punished").

This case is similar to *Ralon v. Kaiser Foundation Health Plan*, in which the Court found the plaintiff had "flagrantly violated its discovery orders" and that her "refusal to cooperate with [the defendant] or comply with the Court's orders has been willful." No. 23-cv-03344-JCS, 2025 WL 833448, at *3 (N.D. Cal. Mar. 17, 2025). In *Ralon*, the plaintiff had refused to respond to the defendant's discovery requests and did not comply with the Court's order to respond to written discovery, even after the Court extended its deadline. *Id*. at *1. Although the plaintiff was pro se, the Court imposed Rule 37 sanctions to preclude the plaintiff from relying on information that she did not supply in response to defendant's written discovery, with the exception of information she had supplied at her deposition or defendant had produced. *Id*. at *3–7. The City seeks a similar sanction here.

### D.  Litvinova's Counsel's Excuses Do Not Bear Scrutiny And Are Immaterial

Counsel for *Litvinova* argues that his only error was a failure to alert the Court to his family and medical issues.[2] His pattern of conduct, however, shows willfulness, bad faith, and flagrant conduct. He has made meritless objections to the City's discovery, repeatedly waited until the last minute (or thereafter) to request extensions of time, and then completely failed to respond even after being ordered to do so by this Court. *See* Dkt. No. 149-1, Dar Decl., ¶¶ 8–10; Dkt. No. 160, Dar Decl., ¶¶ 12–16. This pattern of conduct continues to this day. Since the City filed this motion, Litvinova has failed to comply with the July 31, 2025 deadline for service of expert reports and asked the City for yet more time to do so. Dkt. No. 169-1, Supp. Dar Decl., ¶¶ 4–5. Moreover, on Friday, August 22, 2025, the day after the City filed its reply brief, counsel for Litvinova filed a Notice of Unavailability, claiming that medical reasons made it impossible for him to appear in court or respond to any "demands or motions that may require a response or attendance at any hearing from August 22, 2025 through October 6, 2025." Dkt. No. 171. Yet the City has submitted evidence that on August 25, 2025, counsel filed a motion for a new trial in another case. Dkt. No. 173. This conduct has obstructed the City's ability to defend itself and

---

[2] Notably, Plaintiffs' counsel never raised these family issues with the City. (Supp. Dar Decl. ¶ 8.)

1  interfered with this Court's administration of the case.

2  Plaintiffs' counsel cites to a number of personal factors to support his dilatory activity, but his litany of excuses is undercut by the fact that he engaged in his own discovery in this case, during the same period he claims he was unable to respond to the City's discovery. *See* Dkt. No. 169-1, Supp. Dar Decl. ¶¶ 8-9.  He propounded document requests in January (the City timely responded) as well as a Rule 30(b)(6) PMK notice. The City produce two managers in response to the PMK deposition notice and Litvinova's counsel deposed each of them over the course of two days in April.  *Id*. ¶ 9.

Moreover, counsel's opposition also reveals that during the last year, while failing to respond to discovery in this case, he has litigated other cases, including participation in a trial.  Even when the July 14 discovery cutoff ordered by this Court was looming, he completely ignored his discovery obligations in this case.  His excuse for the month of June is that he was busy with motion practice and depositions in another case.  His excuse for the month of July was that he was in the Dominican Republic for several weeks (July 11 to 27) due to the death of his wife's nephew.  He says that he tried to arrange for depositions during that time but does not explain his failure to respond to written discovery.  His excuse for the month of August is that he was home due to continuing medical issues, but no medical certification is presented.  Dkt. No. 167-1, Roy Decl. ¶¶ 17–28.  His last minute excuse for not appearing at the hearing on this motion, and being unavailable until October 6, 2025, is a foot injury.  Dkt. No. 171.  Although this last excuse did come with a signed doctor note stating "patient will need to work from home at this time", on the whole, counsel's excuses are not compelling.  The August 28, 2025 hearing was held remotely, in part due to counsel's supposed unavailability.  Counsel appeared but offered no further explanation for his litany of failures to abide by discovery and filing obligations.

Litvinova counsel's conduct violates Rule of Professional Conduct Rule 3.4, governing fairness to opposing party and counsel, because he has "unlawfully obstruct[ed] another party's access to evidence, including a witness."  Counsel has also violated Rule of Professional Conduct 1.1, which requires competence, and Rule 1.3, which requires diligence.  By analogy, if this case were brought as a

1 Rule 23 class action, it would fail a threshold eligibility criterion for class actions—adequacy of counsel.[3] This motion and the underlying facts demonstrate that counsel is unable to represent his client's interests adequately.

Counsel for Litvinova says he has taken steps to obtain more assistance by engaging a calendar clerk, paralegal and contract attorneys. Dkt. No. 167-1, Roy Decl. ¶¶ 26–29. His opposition represents that he will comply with his discovery obligations in advance of the hearing date for this motion. That has not happened. To date, no discovery responses have been served. Moreover, there is no reason to believe that counsel will ever fully comply with discovery obligations, and based on past performance, it is reasonable to conclude that any attempted compliance will lead to litigation over its adequacy.

In any event, any attempted compliance at this point would further interfere with the defense and administration of this case. The expert discovery designation deadline was July 31, the expert rebuttal deadline is August 31, expert discovery closes on September 15, and dispositive motions must be heard by November 20. *See Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir.1997) ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. [Defendants] were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy."). This schedule was designed so that parties could move for summary judgment, and such motions could be decided, well in advance of the trial date; counsel's incompetence has seriously threatened such prospects.

### E.   The Relevant Factors Support The City's Motion

The relevant factors here support the imposition of the sanctions sought by the City. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (listing factors).

1. <u>The public's interest in expeditious resolution of litigation</u>. The Litvinova case has been pending since 2018, over seven years, and if the Court does not impose restrictions on the case, there will be yet further delay.

2. <u>The Court's need to manage its docket</u>. Litvinova's violation of this Court's orders

---

[3] Counsel's "unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23." *White v. Esperian Information Solutions*, 993 F.Supp.2d 1154, 1170 (C.D. Cal. 2014) (citing *Creative Montessori Learning Ctrs. v. Ashford Gear L.C.C.*, 662 F.3d 913, 918 (7th Cir. 2011)).

threatens to derail not only this case, but also the related *Silloway* case, which is subject to the same schedule. The Court has an interest in efficiently managing its docket. "Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute settlement mechanism." *G-K Properties*, 577 F.2d at 647.

3. <u>The risk of prejudice to the Defendants</u>. It is obvious that the City has been and will continue to be prejudiced by Litvinova's obstruction. The City had to bring a motion to compel before the Magistrate Judge, had to respond to Litvinova's motion to reopen discovery, had to engage in numerous attempts to obtain Counsel's cooperation, and finally had to make this motion for sanctions under Rule 37. Because Litvinova has failed to respond to discovery, the City cannot address whatever contentions plaintiffs may make in support of their case. *See Ralon*, 2025 WL 833448, at *3 ("Plaintiff has failed to respond to interrogatories and requests for admission aimed at determining the nature and scope of Plaintiff's claims which will complicate Kaiser's efforts to obtain a dismissal at summary judgment or a trial and also deprived it of the opportunity to effectively address the factual basis for Plaintiff's claims at her deposition."); *In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004) (finding parties "willfully faild t comply with the Court's Order" which "clearly prejudices" the other parties "by preventing them from preparing their case."); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Failure to produce documents as ordered . . . is considered sufficient prejudice."); *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) (same).

4. <u>The public policy favoring disposition of cases on their merits</u>. The City is not seeking an order to dismiss this case in its entirety, but only an order that permits the City to defend itself fairly.

5. <u>The availability of less drastic sanctions</u>. Again, the City is not seeking to dismiss this case in its entirety, but only to limit the Litvinova case to the information that the

-7-
ORDER GRANTING SANCTIONS         CASE NO. 3:18-CV-01494-RS

Litvinova Plaintiffs have provided—specifically the information from the depositions of the plaintiffs who actually appeared and were deposed. If the Court were to provide Plaintiffs' counsel additional time to conduct discovery, he will have the benefit of hindsight, because fact discovery is completed and the parties disclosed expert reports last month. Moreover, the City would not have the opportunity to engage in further fact discovery that may be warranted based on Litvinova's interrogatory responses and the deponents' testimony. Any sanction that would result in moving the existing court-ordered deadlines would prejudice the City. This case has been ongoing for over seven years. While it is the City's position that there is no liability for damages, under Plaintiffs' theory, additional liability is accruing with each passing day.

"[T]he key factors are prejudice and the availability of lesser sanctions" but nevertheless, "sanctions under Rule 37(b)(2) may be appropriate when three factors strongly favor the imposition of such sanctions." *In re Heritage Bond Litigation*, 223 F.R.D. at 530, citing *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002), *cert. denied*, 538 U.S. 909 (2003). Here, all relevant factors favor the sanctions sought by the City.

Moreover, there is no question that the sanctions sought "bear[] a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." *Navellier v. Sleten*, 262 F.3d 923, 947 (9th Cir. 2001) (citing *Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). The City's discovery requests sought information important to resolving the issues identified on remand by the Ninth Circuit —whether any unpaid absences were a result of the City depriving plaintiffs of their regular shifts or for reasons permitted by FLSA regulations. Litvinova cannot refuse to provide the information requested in discovery and later submit it in support of its case. Indeed, Litvinova's plaintiffs' discovery responses—stating they were never deprived of the ability to work a regular shift—suggest that it has no defense. *See Fjelstad*, 762 F.2d at 1342 (citing *Hammond Packing Co. v. Arkansas*, 212 U.S. 322 (1909)).

F. **Sanctions for Litvinova's Failure To Respond To Interrogatories And Requests For Documents**

Based on the foregoing, the following sanctions are appropriate in this case.

Special Interrogatory Nos. 18-21: These interrogatories ask the plaintiffs to identify any City policies or MOU (employment agreement) provisions that violate the FLSA salary basis test. The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support a claim that City policies or the MOU violate the salary basis test.

The Court orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making this claim or from introducing into evidence any testimony, facts or documents that involve information requested by these interrogatories.

Special Interrogatory Nos. 22-25, 27-29. These interrogatories ask plaintiffs to identify every plaintiff that the City has involuntarily sent home or denied the opportunity to work a regularly scheduled or normal shift, the dates and circumstances, and the supporting evidence.

The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support the claim that the City has sent nurses home or denied them the opportunity to work a regularly scheduled shift. The Court orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making this claim or from introducing into evidence any testimony, facts or documents that involve information requested by these interrogatories.

Special Interrogatory Nos. 26, 30. These interrogatories ask plaintiffs to identify the supervisors or managers responsible for their scheduling during any time period in which they contend that a nurse was denied the opportunity to work the nurse's regular shift.

The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support a claim that they were denied the opportunity to work a nurse's regular shift. The Court orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making this claim or from introducing into evidence any testimony, facts or documents that involve information requested by these interrogatories.

Special Interrogatory No. 31. This interrogatory asks plaintiffs to identify, for each of the 72 pay periods identified in the CITY's expert report and discussed in the Ninth Circuit's opinion, all evidence supporting any contention that any shortfall in pay was involuntary. This interrogatory responds to the Ninth Circuit's direction in its *Silloway* opinion that the City address the 72 instances of missing data in

its expert report to determine whether the missing time was permissible under Section 710.

The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support this claim. The Court orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making any claim that the 72 pieces of missing data show a violation of Section 710 and from introducing into evidence any testimony, facts or documents that involve information requested by this interrogatory.

Special Interrogatory Nos. 32-33. These interrogatories ask plaintiffs to identify every instance, and supporting evidence, for which they contend the City denied a nurse the opportunity to work a regularly scheduled shift pursuant to paragraphs 313 or 314 of the nurse MOU.

The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support this claim. The Court orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making this claim or from introducing into evidence any testimony, facts or documents that involve information requested by these interrogatories.

Special Interrogatory Nos. 34-35. These interrogatories ask plaintiffs to identify each plaintiff, with supporting facts, that they contend has a worked what is called a "7(j)" work schedule under the FLSA (29 U.S.C. 207(j).

The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support this claim. The Court orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making any allegation that the City uses a 7(j) work schedule or introducing into evidence any testimony, facts or documents that involve information requested by these interrogatories.

Special Interrogatory Nos. 36-42. Nos. 36-38 ask plaintiffs to identify all communications between each plaintiff and the plaintiff's supervisor regarding a plaintiff's absence from a staff nurse shift, identify the staff nurse's work unit, and identify the time period. Nos. 39-42 ask plaintiffs to identify the supervisor responsible for setting/approving plaintiff's schedule or absences, and the time periods during which the plaintiff was assigned to each supervisor.

The Court orders under Rule 37 (b)(2)(A)(i) that it is established that plaintiff is unaware of any facts, documents or persons with information to support a claim that a nurse was deprived of a regularly

scheduled shift.  The Court also orders under Rule 37 (b)(2)(A)(ii) that plaintiffs are prohibited from making this claim or introducing into evidence any testimony, facts or documents that involve information requested by these interrogatories.

Document Request Nos. 12-13.  These requests ask plaintiffs to produce the documents relied upon or identified in their interrogatory responses.  Accordingly, the Court makes the same rulings as to these documents as to the interrogatories.

The Court orders that the *Litvnova* plaintiffs are limited to providing evidence from the deposition testimony of the *Litvinova* plaintiffs who appeared for deposition.  They are:  Litvinova, Grace Bondoc, Santiago Hayo, Ryan Hood, Romulo Adiao, Jacqueline Savage, and Virginia Bryant.

**G.    Litvinova's Failure To Provide Class Members For Deposition Or Provide Information Regarding Class Members In Interrogatory Responses**

Litvinova violated the Court's order by failing to provide three of the four class members for deposition by the discovery cutoff of July 14, 2025.  There is no excuse for this failure because their depositions were noticed over six months ago and this Court reiterated in its Order dated May 15, 2025 that their depositions were required to be taken.  The appropriate remedy for this failure is dismissal of these three opt-in plaintiffs from the case.  The City is unable to elicit evidence from these plaintiffs regarding a key issue in this case — whether the City ever deprived them of the opportunity to work their full shift.  Accordingly, none of these plaintiffs has any ability to prove they were damaged.  Indeed, counsel for Litvinova has stated that Ms. Rapada may no longer want to continue as a plaintiff and he has not been in touch with Ms. Madamba.  Although counsel states that Ms. DeLeon has a serious family medical issue, again, her deposition was noticed months ago and there is no excuse for not producing her earlier.

Litvinova also violated the Court's order by refusing to respond to the City's interrogatories and document requests in a timely fashion.  Due to that refusal, Litvinova has failed to provide the City with any information except for the few class members it has provided for deposition.  The City is entitled to answers to its interrogatories for other members of the plaintiff group to defend this case.  The City must be made aware of any allegations, and supporting evidence, that members of the plaintiff group were deprived of their opportunity to work in violation of Section 710.  The City also must be given

information about the plaintiff, the time period, the work location and the responsible supervisor in order to address the factors set forth in Section 603. It is not enough to dismiss plaintiffs Rapada, Madamba and DeLeon. The City has been deprived of the needed information for the entire plaintiff group and thus cannot defend itself against any allegations as to them.

The Court orders sanctions under Rule 37(b)(2)(A)(v) which permits the Court to dismiss "the action or proceeding in whole or in part." The Court orders that the following plaintiffs be dismissed from this case: (1) the plaintiffs who were noticed for deposition and did not appear (De Leon, Rapada and Madamba) and (2) plaintiffs who were not deposed and accordingly for whom the City has no information to mount a defense because Litvinova failed to respond to the City's written discovery. With the exception of the plaintiffs who were deposed, those plaintiffs are dismissed with prejudice from this case. If any plaintiffs opted in to both the *Litvinova* and *Silloway* cases, they are dismissed only from Litvinova and not from Silloway.

### H. Litvinova Must Pay The Attorney's Fees And Costs Incurred By The City In Enforcing Its Right To Discovery And Bringing This Motion For Sanctions

Litvinova has refused to provide the discovery noticed by the City and flagrantly violated this Court's orders. This conduct has required the City to incur attorney's fees and costs. Under Rule 37(b)(2)(C), the City is entitled to payment by Litvinova and/or Litvinova's counsel of the fees and costs as enumerated in the Declaration of Imran Dar, and any supplemental declaration. The City shall submit an accounting of the hours and expenses involved.

Nothing in this order shall have any effect in the related *Silloway* case.[4]

IT IS SO ORDERED

---

[4] Silloway plaintiffs' motion to intervene, Dkt. No. 161, is granted. Notwithstanding the sanctions in this order, Plaintiffs' motion for extension of time to file disclosure of its tardy witness reports, Dkt. No. 179, is granted such that the expert report must be served by September 12, 2025. No further extension will be granted.

1
2   Dated: September 5, 2025
3                                              _____
4                                              Hon. Richard Seeborg
                                               United States District Court Judge
5