UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA LITVINOVA,

    Plaintiff,

    v.

THE CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

Case No. 18-cv-01494-RS

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This motion arises out of a collective action alleging violations of the Fair Labor Standards Act. Following a deeply troubling course of conduct—which included defiance of court orders—sanctions were imposed against counsel for the Litvinova Plaintiffs under Rule 37. *See* Dkt. 180. Litvinova counsel[1] now moves for reconsideration of that decision, arguing that new information has emerged which explains his dilatory representation. Dkt. 193. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. Because Litvinova counsel has not adduced new facts which call into question the basis of the sanctions order, the motion is denied.

**I. BACKGROUND**

More than eight years ago, Tatyana Litvinova filed this collective action against the City and County of San Francsico (collectively, "the City") on behalf of "dual status" nurses, averring

---

[1] Technically, the moving party is Litvinova, not Litvinova counsel. However, for ease of reference, this order refers to Litvinova counsel as the party making the arguments.

that the City deprived the nurses of time-and-a-half pay in violation of the Fair Labor Standards Act. *See* Dkt. 1. After discovery and motions practice, summary judgment was granted to the City. *See* Dkt. 103. That decision was reversed by the Ninth Circuit, *see* Dkt. 124, which kicked off a new round of discovery. Over the course of the next several months, Litvinova counsel repeatedly fell down on his discovery obligations. He made meritless objections to some of the City's interrogatories, fully failed to respond to other requests, and violated Court-imposed deadlines. *See* Dkt. 180, at 2–3. The City moved for sanctions under Rule 37. *See* Dkt. 159.

In the sanctions proceeding, Litvinova counsel claimed that his failings were caused by various personal circumstances. He claimed that he failed to participate in discovery in June because he was busy with motions practice and depositions in another case. *See* Dkt. 180, at 5. In July, it was because he was in the Dominican Republic for several weeks due the death of his wife's nephew. *See id.* In August, he cited continuing medical issues, including problems with his foot. *See id.* Those excuses were uniformly determined to be unsatisfactory, and sanctions were imposed under Rule 37. *See id.* Though the sanctions order did not formally terminate the case, it ordered certain key facts established against the Litvinova plaintiffs and dismissed the three class members who Litvinova counsel failed to produce for a deposition. *See id.*

Litvinova counsel now moves for reconsideration of that order, purportedly under Rule 59(e). The thrust of his argument is that new materials facts demonstrate he was suffering from a "life-threatening medical crisis" that impaired his ability to comply with his discovery obligations. *See* Dkt. 193, at 3. Litvinova counsel claims that he withheld this information during the sanctions proceeding because he was attempting to "protect his private medical information and dignity," and did not think full disclosure was necessary as he "did not expect this Court to question his veracity after 35 years as an officer of the court." *Id.*, at 4.

## II. LEGAL STANDARD

Litvinova counsel moves for reconsideration under Rule 59(e). That rule, however, governs motions "to alter or amend a *judgment*," not an interlocutory order like the imposition of sanctions. Fed. R. Civ. P. 59(e) (emphasis added). For its part, the City contends that the

ORDER DENYING MOTION FOR RECONSIDERATION
CASE NO. 18-cv-01494-RS

controlling legal standard comes from Civil Local Rule 7-9. That is also not quite right. Civil Local Rule 7-9 applies only when a party is seeking leave of the court to file a motion for reconsideration—leave that has already been granted here. *See* Dkt. 191.

The source of a district court's ability to reconsider interlocutory orders is more fundamental, and the permissible bases for reconsideration are open ended. "As long as a district court has jurisdiction over the case, then it possesses inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

**III. DISCUSSION**

A. Willfulness

Litvinova counsel argues that "new material facts" demonstrate that his failure to respond timely to the City's discovery requests and to comply with court-imposed deadlines were not "willful." These purportedly new facts relate to the seriousness of his medical condition. Litvinova counsel claims that he had some form of serious illness that caused him to "cough up blood and suffer a constant hacking cough," impairing his ability to try a case as far back as April 2025. *See* Mot. at 4. This illness worsened, leading to two emergency surgeries in August 2025. *See id.* Following those surgeries, Litvinova counsel's doctor required him to remain out of work until November 1, 2025. *See id.*

None of this is new. The order imposing sanctions recognized that Litvinova counsel had a medically verified emergency which, according to his doctor, was to prevent him from working between August 22 and October 6, 2025. *See* Dkt. 180, at 4 (citing to Dkt. 171, which included a doctor's note). The problem—then and now—is that Litvinova counsel has failed to explain how to reconcile his medical emergency with the other evidence of dilatoriness. The evidence offered during the sanctions proceeding indicated that Litvinova counsel was activity participating in his other cases, making his claim of medical unavailability not credible. *See id.* Indeed, the City submitted evidence that merely three days after the start of his claimed period of medical

unavailability, Litvinova counsel filed a motion for a new trial in another case. *See id.*; Dkt. 173.

Even if the information about his medical emergency is "new" as a matter of degree, reconsideration is not appropriate. Information is not "new" in a legally relevant sense simply because Litvinova counsel *chose* not to fully present it the first time around. He argues that he was trying to preserve his personal dignity, but in doing so, it appears he misled the court about the true reason for his indolence. *See* Dkt. 167 (blaming missed deadlines and discovery failures on other professional obligations, his mother's illness, and personal travel in addition to his medical condition). If Litvinova counsel's representations during the sanctions proceeding were obfuscatory, sanctions would be more—not less—appropriate.

Moreover, nothing Litvinova counsel has presented explains his dilatory conduct *before* April 2025. He now represents that his illness manifested in another trial in *late* April 2025 and required hospitalization and surgery in August 2025. However, the sanctions order chastised Litvinova counsel for lodging meritless objections to the City's discovery requests made in December 2024, and January 2025, as well as for blowing through a court-imposed discovery deadline in mid-April 2025. Litvinova counsel has not presented any evidence that this medical condition explains his conduct during that period.

B. Proportionality of the Sanctions

Next, Litvinova counsel argues that the dismissal of plaintiffs not deposed was a disproportionate sanction. He offers two reasons for the disproportionality of the sanctions. First, he argues that the sanctions are disproportionate in light of the new evidence which undercuts the finding of willfulness. *See* Mot. at 5. This argument is derivative of that already rejected, so it fails.

Second, Litvinova counsel argues that he has "implemented remedial actions" to ensure further compliance with court orders and discovery obligations. *See* Mot. at 5. There are two problems with this argument. First, a promise to do something better in the future is not an excuse for doing it poorly in the past. The order imposing sanctions determined that Litvinova counsel's conduct *had already* deprived the City of its right to litigate this matter fairly and expeditiously.

*See* Dkt. 180, at 6. Doing better going forward does not remedy that injury.

Second, there appears to be no assurance that these remedial actions will make any difference. Litvinova counsel says that he has (1) hired new support staff, (2) hired two part-time attorneys and has plans to hire a third in December, and (3) retained seasoned co-counsel. *See* Mot. at 5. However, none of these new associates or co-counsel have entered an appearance in this case. The City has also offered declarations stating that none intend to enter an appearance and that their limited appearances at depositions has been not on behalf of the Litvinova plaintiffs, but rather on behalf of Litvinova counsel. As a result, Litvinova counsel will continue to bear all the responsibilities of this case—responsibilities which he has demonstrated himself incapable of handling.

Litvinova counsel dedicates the remainder of his submission to distinguishing cases cited in the sanctions order. *See* Mot. at 5–7. Notably, none of those cases compelled the imposition of sanctions. The decision was based on the circumstances and conduct in this case, so even if the cited cases were in some sense different, the imposition of sanctions would remain appropriate.

Regardless, Litvinova counsel's proposed distinctions range from unpersuasive to nonsensical. He asserts that *Ralon v. Kaiser Foundation Health Plan* is different because the sanctioned party there was a pro se litigant who flagrantly disregarded court orders. *See* 2025 WL 833488, at *3 (N.D. Cal. March 17, 2025). If anything, the expectations placed on retained counsel are *higher* than those placed on pro se litigants, making Litvinova counsel's transgressions—which were of the same kind as those in *Ralon*—especially unacceptable.

Equally incomprehensible is Litvinova counsel's attempt to distinguish *G-K Properties v. Redevelopment Agency of City and San Jose*, 577 F.2d 645 (9th Cir. 1978). He points out that the defendant there sought full dismissal of the action, whereas the City here has requested a more modest sanction. Again, that distinction works against Litvinova counsel. If the severity of the sanctions must correspond to the seriousness of the conduct, it does not help Litvinova counsel to compare the conduct at issue here to that at issue in a case in which more serious sanctions were imposed. If the conduct here is the same or worse than in *G-K Properties*, it suggests that

ORDER DENYING MOTION FOR RECONSIDERATION
CASE NO. 18-cv-01494-RS

Litvinova counsel got off easy. On the other hand, if the conduct here is less troubling, it does not imply that the sanctions imposed were too harsh.

Finally, Litvinova counsel asserts that this case is different from *Fjelstad v. American Honda Motor Co.*, 262 F.2d 1134 (9th Cir. 1984) because, here, Litvinova counsel's medical issues contextualize his conduct in a manner absent in *Fjelstad*. This is the same argument already rejected, repackaged as a factual difference with another case. It fails for the reasons already explained.

## IV. CONCLUSION

Litvinova has not offered evidence sufficient to disturb the prior sanctions decision. The motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: November 5, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION
CASE NO. 18-cv-01494-RS