UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA LITVINOVA,<br><br>        Plaintiff,<br><br>        v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant. | Case No. 18-cv-01494-RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR FEES AND COSTS** |

The City and County of San Francisco ("the City") moves for $28,036.00 in attorney's fees and $400.00 in costs incurred in connection with its motion for Rule 37(b) sanctions. Dkt. 181. Plaintiff has failed to oppose the motion. It is granted.

After willfully failing to comply with discovery obligations and court orders, Plaintiff's counsel was sanctioned under Rule 37(b). The sanctions order determined that "the City is entitled to payment by Litvinova and/or Litvinova's counsel of the fees and costs" incurred as a result of Litvinova counsel's conduct. Dkt. 180, at 12. It directed the City to "submit an accounting of the hours and expenses involves." *Id.*

The accounting lists the work performed by five attorneys, who collectively billed 65.2 hours. That is a reasonable amount of time to have expended preparing the motion for sanctions. The largest chunks of time were spent researching and drafting the sanctions motion, the reply brief, and the associated declarations. *See* Dkt. 181, Ross Decl., Ex. A. Doing so required an extensive review of communications with Litvinova counsel and meaningful legal research.

The rates are also reasonable in San Francisco. The City submitted time sheets for five

lawyers—one partner, one senior counsel, one of counsel, one senior associate, and one associate. They request hourly rates of $495, $445, $385, $350, and $350 per hour, respectively. That is on the low end of what courts reviewing rates in San Francisco have deemed reasonable. *See Superior Consulting Servs., Inc. v. Steeves-Kiss*, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable.").

The $400 deposition cost is also reasonable. The City incurred this cost to retain a court reporter for a deposition which did not occur because Plaintiff's counsel failed to produce the deponent. *See* Dkt. 181, Ross Decl., at 4. This is a cost Litvinova counsel's "conduct has required the City to incur," Dkt. 180, at 12, and is thus recoverable under the sanctions order.

The City's request for $28,036.00 in attorney's fees and $400.00 in costs is granted in full. As the basis for fees and costs is the dilatory conduct of Litvinova's counsel, the fees and costs are assessed against Litvinova counsel.

**IT IS SO ORDERED**.

Dated: November 18, 2025

_____
RICHARD SEEBORG
Chief United States District Judge